E-FILED
Monday, 17 April, 2006 03:20:04 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DON BENNY ANDERSON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 06-1043 |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

## O R D E R

This matter is now before the Court on Anderson's Motion for Writ of Error Coram Nobis. For the reasons set forth below, the Motion is construed as an untimely and successive Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, and is dismissed for lack of jurisdiction.

### Background

In October 1983, Defendant, Don Benny Anderson ("Anderson"), was convicted of two charges of arson in the Sixth Judicial Circuit, Pinellas County, Florida. His sentence was ordered to be served concurrently with a federal sentence that he was serving. This sentence has been fully served and is now expired.

Anderson filed a petition for habeas corpus relief in the United States District Court for the Northern District of Texas on July 29, 2002. This petition was transferred to the Middle District of Florida where it was ultimately denied. In July 2003, he filed a § 2241 petition in the Northern District of Texas. As the petition attempted to collaterally attack his Florida state conviction and sentence, the petition was dismissed for lack of jurisdiction. Undaunted, Anderson has filed a petition attacking his expired Florida state sentence in this

judicial district which was dismissed for lack of jurisdiction as untimely and an improper attempt to bring a successive attack without prior authorization.

Anderson has now filed a Motion for Writ of Error Coram Nobis in which he again attempts to collaterally challenge his conviction and sentence in the state of Florida. This Order follows.

## Discussion

The Seventh Circuit has rejected the use of Writs of Error Coram Nobis as a means of circumventing the procedural bars imposed by motions brought pursuant to § 2255. Specifically, the Court of Appeals has held:

> Prisoners cannot avoid the AEDPA's rules by inventive captioning. See, e.g. *Owens v. Boyd*, 235 F.3d 356 (7th Cir. 2000) (application for coram nobis); *United States v. Evans*, 224 F.3d 670 (7th Cir. 2000) (use of Rule 33 based on matters other than newly discovered evidence of innocence). Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover. See, e.g., *Ramunno v. United States*, 264 F.3d 723 (7th Cir. 2001). Call it a motion for new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.

Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004); *see also*, Cooper v. United States, 199 F.3d 898, 901 (7th Cir. 1999), *citing* In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998); Godoski v. United States, 304 F.3d 761, 1650-51 (7th Cir. 2002).

Paragraph 1 of § 2254 provides that the court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or

treaties of the United States."  Anderson's Motion for Writ of Error Coram Nobis alleges that fundamental error occurred in his Florida state criminal proceedings because the state court lacked jurisdiction for a variety of reasons.  Such claims are well within the coverage of ¶1 of § 2254.  Thus, under the reasoning of <u>Melton</u>, which this Court finds to be equally applicable to petitions attacking state court convictions, the present filing is actually a motion under § 2254, which the Court is required to dismiss for lack of jurisdiction because Anderson has not received permission from the Seventh Circuit to commence a second or successive collateral attack and also because any such petition would appear to be untimely.

## Conclusion

For the foregoing reasons, Anderson's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [#1] is DISMISSED FOR LACK OF JURISDICTION. The Motion to Expedite [#2] is DENIED AS MOOT.  This matter is terminated.

ENTERED this 17th day of April, 2006.

                                                s/ Michael M. Mihm
                                                Michael M. Mihm
                                                United States District Judge